Davis, J.
Whether the instruction given by the court to the jury in relation to an independent contractor was right or wrong, is, in our opinion, immaterial in laAv; because the defense that the plaintiff was an employe of an independent contractor is not available to the defendant under the facts of this case. Conceding that Kiger was an independent contractor, yet it is an undisputed fact that, under his agreement with the defendant, he was to perform his services with material and machinery which were furnished by the defendant, and that with these was the dangerous machine which injured the plaintiff. That it was dangerous when operated by one Avho had not been properly instructed, is specially found by the jury; and indeed that fact stands out distinctly all through the evidence contained in the record. So tii at this case, so far as the defense of an independent contract is concerned, comes directly within the doctrine of this court as announced in Railroad Co. v. Morey, 47 Ohio St., 207, and Covington, etc., Bridge Co. v. Steinbrock, 61 Ohio St., 215. It is a case in Avhich, under the circumstances shown, “a resulting injury * * * might have been anticipated as a direct or probable consequence of the performance of the work contracted for, if reasonable care is omitted in the course of its performance.”
But Avhile we cannot affirm the judgment of the circuit court upon the reason assigned by that court, we nevertheless are of the opinion that the judgment ought to be affirmed upon an altogether different ground which appears upon the record. As already intimated, the only question which was properly raised by the pleadings and the evidence in this case was Avhether the defendant, having knowledge of the youth and inexperience of the plaintiff, “negligently, *74 carelessty and unlawfully put the plaintiff to work upon and about said dangerous and hazardous machine * * without notifying the plaintiff in any manner as to the dangerous and hazardous character of said machine, * * * and without giving him any instructions whatever as to how he should do and perform said duty assigned him,” whereby the plaintiff was injured. The trial judge in instructing the jury in regard to this issue, turned aside to say that: “In fact the employment of children under the age of sixteen years, at any employment whereby life or limb is endangered, is prohibited by statute in this state, and any person, firm or corporation that willfully permits such children to be so employed is deemed guilty of a misdemeanor. But while this statute makes it unlawful to employ children under the age of sixteen .years at any employment whereby life or limb is endangered, the mere fact of such employment in violation of the statute does not of itself warrant a recovery against the employers, but it is only a circumstance to be considered by the jury in connection with the other evidence in the case as bearing upon the question of the negligence of the employer in causing the injury. As applied to this case the statute made it the duty of the defendant, if it did not know plaintiff’s age, to use due care and caution to ascertain his age, and if it failed to do so, and employed plaintiff while within the prohibited age in a service tlia,t was hazardous to his life and limb, knowing him to be under the age of sixteen .years, or when by the exercise of due care and .caution it could have ascertained that he was under that age, it ds a fact or circumstance to be considered by you in determining the question of the alleged negligence *75 and other wrongful conduct of defendant in causing the injury to plaintiff.”
This was clearly erroneous and prejudicial, because it submitted to the jury, as evidence of negligence, a matter which was not competent as evidence in a case such as this. Buswell on Pers. Injuries, Sec. 112. It was not charged in the petition, and could not be claimed, that the plaintiff’s injury resulted in any direct or immediate way from, an illegal employment of the plaintiff; but it was claimed that, being employed, the employer neglected his legal duty to give proper instructions as to the use of a dangerous machine. Therefore, whether the statute had been violated or not, the suggestion of that matter by the trial judge was altogether irrelevant, and could not be otherwise than prejudicial. It was stated and restated that “the fact of such employment in violation of the statute * * * is a circumstance to be considered by the jury in connection with other evidence in the case as bearing upon the question of the negligence of the employer in causing the injury.” This case is not at all like the cases of Meek v. Pennsylvania Co., 38 Ohio St., 632, and Davis v. Guarnieri, 45 Ohio St., 470. In each of those cases the negligent act complained of was the very act which was made unlawful by ordinance or by statute; and for that reason, while repudiating the doctrine that a violation of a statute or ordinance is per se negligence, this Court has held that in such cases the fact that the act which was charged to be negligent was also a breach of statute, may be considered with other evidence, as a circumstance tending to prove negligence. The reason for this rule is that the injured party has a right to assume that the other party wall obey the law, and has the right to *76 govern himself accordingly, and hence when the law. is violated and injury occurs, that is some evidence of negligence. Whether this reasoning is altogether sound or not is not within the scope of our present inquiry. We are, however, not now inclined to extend. the rule further. The employment of the plain- , tiff, when he was under sixteen years of age, was not the proximate cause of the injury, and it could not in any degree tend to show that the defendant was negligent in not giving, or causing to be given, to the plaintiff proper instructions as to operating the machine. We find no other error in the record. The judgment of the circuit court reversing the judgment of the court of common.pleas and remanding the cause for a new trial is therefore

Affirmed.

Burket, C. J., Shauck, Price and Crew, JJ., concur.